MuNRO, J.,
dissenting. The origin of the doctrine announced in the opinion of the majority, may be traced to PinneVs case, in the third volume of Coke’s Eeports, where it is thus stated — “ It was resolved by the whole Court, that payment of a lesser sum on the day in satisfaction of a greater, cannot be any satisfaction for the whole, because it appears to the judges, that by no possibility a lesser sum can be a satisfaction to the plaintiff for a greater sum ; but the gift of a horse, a hawk, a robe, &c., in satisfaction is good. For it shall be intended, that a horse, a hawk, a robe, &c., might be more beneficial to the plaintiff than the money, in respect of some circumstance, or otherwise he would not have accepted it in satisfaction. But when the whole sum is due, by no intendment, the acceptance of a parcel, can be in satisfaction to the plaintiff. But in the case at bar it was resolved, that the payment and acceptance of parcel before the day, in satisfaction cS“ the whole was good satisfaction, in regard of circumstance of time, for, peradventure, parcel of it before the day would be more beneficial to him than the whole at the day, and the value of the satisfaction is not material.”
The common law doctrine, then, as to when the 'partial payment of a debt due by simple' contract, will operate as a full discharge thereof, and when it will not so operate; as derived from Coke, and other sources, I take to be this. — A, *139 being indebted to 33, by simple contract, say in tbe sum of one thousand dollars; on tbe day before tbe debt falls due, A pays to bis creditor one dollar, and takes from bim. a receipt in Ml for tbe debt — this amounts to an absolute discharge of it. But if on tbe day after tbe debt has become due, A pays to bis creditor, either a moiety of tbe debt, or any sum less than the whole amount, if it be- but a dollar, and tabes from bim a receipt in full; this amounts to nothing more than a payment pro tanto, and tbe creditor may forthwith in tbe face of bis receipt, institute suit for tbe recovery of tbe balance. But instead of tbe debtor’s paying a dollar of tbe debt, if tbe creditor shall execute a receipt, and attach to bis signature a small bit of sealing wax, or tbe letters L. S. encircled by tbe magical scroll, tbe common law symbol of a consideration, which no testimony is permitted to controvert, or overthrow, — or if instead of doing either of these things, tbe debtor shall deliver to bis creditor, a horse, a hawk, a bound dog, a robe, or its equivalent, a bunting shirt; nay, anything however valueless, provided it be not money; then will tbe sensitive conscience of tbe common law, which so abhors and abominates a nud.j?act., be completely quieted and appeased, and tbe debtor held forever 'discharged from bis obligation.
It might well be doubted, if a doctrine so utterly absurd, and standing as it confessedly does in humiliating contrast to tbe common sense of mankind, would, at any period in tbe world’s history, have been permitted to occupy a place in tbe jurisprudence of any nation, not absolutely barbarous-But that it should have been permitted for centuries, to occupy a place, in tbe jurisprudence of one of tbe most enlightened nations of tbe earth, and in a system too, which is termed, par excellence, tbe perfection of human reason, almost surpasses belief.
It is gratifying, however, to perceive, that in England, notwithstanding tbe habitual deference that is paid to the opinion of tbe great legal oracle, by whom the doctrine in *140 question bas been transmitted to them, tbe ablest of tbeir law tribunals, the Court of Exchequer, has expressly denied its application to bills of exchange, and promissory notes.
Mr. Addison, in his work on Contracts, in treating of this doctrine, at page 1071, remarks, “ whenever a contract, not being a bill of exchange, or promissory note, has been broken,” &c., — here he goes on to state, that such contract can only be discharged by a release under seal, or by something given, or done on the one side, and accepted on the other; but he goes on to say — “ Bills of exchange, however, which are regulated by the custom of merchants, form an exception to the general rule of law, that a cause of action once accrued can only be discharged by deed, or by accord and satisfaction; for the liability of an acceptor, though complete, may be discharged by an express renunciation on the part of the holder of his claim on the bill, although such renunciation be made by word of mouth, unaccompanied with satisfaction, or any solemn instrument.”
In Foster vs. Dawber, (6 Exch. R. 839,) the facts of the case were these. The defendant having borrowed of his father-in-law one thousand pounds, at £4 per cent, interest, gave his promissory note for the repayment of the amount on demand, and paid the interest regularly for years, until at last the father-in-law said he would make him a present of the one thousand pounds, and directed him to get a ten shilling receipt stamp, and draw up a receipt for the one thousand pounds, and interest, which having been done, the father-in-law signed the receipt and handed it to the defendant. After that the father-in-law died, leaving a will, whereby he bequeathed the note to his executors, directing them to invest it for the benefit of certain persons therein named, &c., and an action having been brought by the executors, to recover the amount of the note, from the defendant, it was held, that the defendant had been discharged. Park, Baron, in delivering the opinion of the Court, said, “ Mr. Wills disputed the existence of any *141 rule of law, by wbicb an obligation on a bill of exchange, by tbe law merchant, can be discharged by parol, and he questioned the decisions, and contended that the authorities merely went to show, that such an obligation might be discharged as to remote, but not as between immediate parties.
“ The rule of law has been so often laid down and acted upon, ■ although there is no case precisely on the poinjfes&s between immediate parties, that the. obligation om raJl^fySSchan ge may be discharged by express waive^Ka^'ít'is too now to question the propriety of that r^.tfVe dq.<^%%áeevS|iny sound distinction between the liabiS^' cre.|f eu>bétw§jp. Immediate and distant parties. — Wheth^i'$¿ey ar^. or immediate parties, the liability turns fe t^é^Éw m^mant, for no person is liable on a bill of excnfeagé ej&gg¿awthrough the law merchant,” — and again. “Bills ofexchange and promissory notes, differ from other contracts at common law in two important particulars; first,' they are assignable, whereas choses in action at common law were not; and secondly, the instrument itself gives a right of action, for it is presumed to be given for value, and no value need be alleged as a consideration for it. In both these important particulars, promissory notes, are put on the same footing as bills of exchange, by the Statute of Ann, and therefore we think, the same law applies to both instruments.”
It will at once be perceived, that the case in hand is infinitely stronger than the case of Foster vs. Dawbar, for in that case, as we have seen, not a farthing of the debt was paid by the maker of the note, all that was done, was merely the execution and delivery of a receipt in full to the holder, so that the debtor’s discharge from the entire debt, was rested solely upon the legal efficiency of the creditor’s receipt. Whereas in this case, payment of a moiety of the debt was made by one of the copartners, and a receipt, executed by the plaintiff releasing him from all further liability — notwith *142 standing tbis, be is beld equally liable with bis copartner, for tbe balance of tbe note.
In Sibree vs. Tripp, (15 M. & W. 23.) Parke, B. said, “If payment of part of a debt, may,'under certain circumstances, be evidence of a gift of tbe remainder, and so support a plea of payment, wby may not a gift of tbe whole be equally cogent evidence ? can it make any difference tbat tbe parties omitted to say, 1 we mean tbat for payment.’ ”
Nor is a waning reverence for tbe all-potent was, and tbe magical scroll, less apparent in several of tbe Courts on tbis side tbe Atlantic, including our own, as will be seen by reference to some of our more recent decisions; and it is sincerely to be hoped, tbat tbe day is not far distant, when tbe legislative power, to whom tbe task of reform in matters of this sort appropriately belongs, will completely abolish tbe senseless distinction which exists, between a sealed, and an unsealed instrument for tbe payment of money.
In Mattock vs. Gibson, (8 Rich. 437,) it was beld: tbat in an action on a sealed instrument, tbe defendant may show, tbat it was without consideration; and tbat in tbis respect, there was no distinction between a sealed instrument, and a note of band, or any other simple contract. And in Little vs. Lunccm, (9 Rich. 55,) it was ruled; that a single bill executed by an infant, was merely voidable, and may be ratified by him after attaining full age — formerly such an instrument would have been beld absolutely void, and incapable of confirmation. Again, it is a doctrine of tbe common law, tbat an agent, or attorney cannot execute a deed, or any sealed instrument, in tbe name of bis principal, unless tbe authority is conferred upon him by an instrument of equal dignity and solemnity, as it is termed. And so too with regard to tbe members of a copartnership, one of 'the partners being incapable of binding tbe firm by a sealed instrument, without an authority under seal. But Story in bis work on Partnership, at Sec. 121, in speaking of tbis rule, remarks, “ The American Courts have *143 strongly inclined to repudiate tbe doctrine in all cases, where an express, or implied authority can be justly established, not under seal, whether it be verbal, or in writing or circumstantial.”
In conclusion, I would merely take leave to add, that the sooner the common law is pruned, and purified of the many antiquated absurdities, that have so long marred, and disfigured its many excellencies, the longer will be the measure of respect and obedience, that will be accorded to it by those whose lot has been cast under its dispensation, and who in the daily intercourse of life are compelled to appeal to it, as the only rule for their civil guidance.

Motion granted.